## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **MIRNA MICHEL JABBOUR, and** | ) | |
| **NATIONAL DEFENSE COMMITTEE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 1:20-cv-00034** |
| | ) | |
| **v.** | ) | **DECLARATORY AND** |
| | ) | **INJUNCTIVE RELIEF** |
| **JOHN H. MERRILL, in his official** | ) | **SOUGHT** |
| **capacity as Alabama Secretary of State,** | ) | |
| **MOBILE COUNTY BOARD OF** | ) | |
| **REGISTRARS, KYLE CALLAGHAN,** | ) | |
| **in his official capacity as a member of** | ) | |
| **the Mobile County Board of Registrars,** | ) | |
| **JUDY MOTLOW, in her official** | ) | |
| **capacity as a member of the Mobile** | ) | |
| **County Board of Registrars, and RON** | ) | |
| **REAMS, in his official capacity as a** | ) | |
| **member of the Mobile County Board** | ) | |
| **of Registrars,** | ) | |
| | ) | |
| **Defendants.** | | |

---

## PLAINTIFFS' EMERGENCY MOTION TO EXPEDITE
## BRIEFING AND DECISION ON PLAINTIFFS' MOTION
## FOR PRELIMINARY INJUNCTION

The plaintiffs, Ms. Mirna Michel Jabbour and the National Defense Committee ("Plaintiffs"), respectfully move this Court to expedite the briefing and decision on Plaintiffs' Motion for Preliminary Injunction (Doc. 3) such that a ruling is entered no later than March 10, 2020. This is necessary because timing is crucial in light of the upcoming March 2020 election.

1

## INTRODUCTION

On January 21, 2020, Plaintiffs filed their Motion for Preliminary Injunction (Doc. 3), which seeks injunctive relief that, if granted, will impact how the March 2020 election is administered.  Sixteen days later, the State requested an extension of time to respond to Plaintiffs' Motion and to file a Motion to Dismiss (Doc. 13), despite simultaneously acknowledging that time is of the essence and signaling that they intend to argue that Plaintiffs' Motion was filed too close to an election (*Id.* at ¶ 6). This Court granted the request, ordering Defendants to file their response and Motion to Dismiss by February 21, 2020. (Doc 21).

Plaintiffs seek injunctive relief that will impact the March 2020 election. Specifically, Plaintiffs seek to require the State to send UOCAVA voters two ballots, one for the primary election on March 3rd and then a separate one for the runoff election, instead of merely providing UOCAVA voters with one ballot on which they must rank their choices under Alabama's Ranked Choice Voting ("RCV") regime—a method Plaintiffs are challenging as unconstitutional in this lawsuit. As currently scheduled, a runoff election would occur on March 31st.  In order to ensure that injunctive relief can be entered in time to achieve the desired result, Plaintiffs request that the Court enter the following expedited briefing schedule and then enter an order ruling on Plaintiffs' Motion for Preliminary Injunction by **March 10, 2020**, so the State will have sufficient time to send UOCAVA voters the second ballot in the event of a runoff election:

- Plaintiffs' Reply Brief in Support of their Preliminary Injunction and Plaintiffs' Opposition Brief to Defendants' Motion to Dismiss: **February 26, 2020**;

- Defendants' Reply Brief in Support of their Motion to Dismiss: **February 28, 2020**;

- Should the Court find it helpful, oral argument: **March 3, 2020**.

Plaintiffs have consulted with the State Defendants concerning their position on the relief sought in this Motion. The State Defendants oppose the relief sought.

## ARGUMENT

Plaintiffs, a United States Citizen living in Beirut, Lebanon, and a non-profit organization dedicated to furthering the voting rights of military voters, challenge Alabama's Ranked Choice Voting ("RCV") regime under the Free Speech and Association Clauses of the First Amendment to the U.S. Constitution and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Alabama's RCV regime violates the First Amendment to the Constitution because it compels voters to associate with candidates prematurely, thereby denying these voters, in the weeks between the primary and runoff elections, the ability to obtain crucial information. (Doc. 3 at 9-10). Additionally, Alabama's RCV regime violates the Due Process Clause of the Fourteenth Amendment because of its susceptibility to suffer monotonicity problems and, therefore, confuse voters. Accordingly, Alabama's RCV regime deprives individuals of their right to vote. (*Id.* at 12-17). Alabama's RCV regime is also susceptible to ballot exhaustion. (*Id*. at 18-19).

Therefore, Plaintiffs request, *inter alia*, that this Court declare Alabama's RCV statute, Ala. Code § 17-13-8.1, unconstitutional; enjoin Defendants from administering Alabama's RCV regime; and either (1) order Defendants to send UOCAVA voters separate ballots for the runoff election in a manner that is compliant with UOCAVA's 45-day requirement (52 U.S.C. § 20302(a)(8)(A)), or, in the alternative, (2) order Defendants to send UOCAVA voters separate ballots for the runoff election, but provide these voters with

additional time to transmit their ballots back to the appropriate authorities in Alabama. *See* Compl. (Doc. 1) at p. 23, *Prayer for Relief.*

## I.      A ruling is needed by March 10, 2020, to allow the State sufficient time to send UOCAVA voters a second ballot for the runoff election.

Alabama's primary elections are on March 3, 2020. Ala. Code § 17-13-3(b). In the event of a runoff election, that election is currently scheduled for March 31, 2020. *Id.* § 17-13-3(a). Although the primary election can be administered using the ballot that the State presently intends to send to UOCAVA voters,[1] the second ballot must be sent to UOCAVA voters well in advance of the runoff election. Therefore, Plaintiffs request a ruling on Plaintiffs' Motion for Preliminary Injunction by no later than March 10, 2020, so that the State can either timely send the second ballots to UOCAVA voters in a manner that is compliant with UOCAVA's 45-day requirement, which would require rescheduling the runoff election, 52 U.S.C. § 20302(a)(8)(A), or order Defendants to send UOCAVA voters separate ballots for the runoff election but provide these voters with additional time to transmit their ballots back to the appropriate authorities in Alabama.

## II.     Even if the Court grants the requested injunctive relief on March 10, 2020, the State can still obtain a hardship waiver.

Contrary to the State's position (Doc. 13 at p. 4), even if this Court grants Plaintiffs' alternatively requested relief on March 10, 2020, opting not to reschedule the March 31st runoff election, the State can still obtain a hardship waiver under UOCAVA. Although the

---

[1] Although this ballot will be formatted to allow UOCAVA voters to rank their choices pursuant to Alabama's RCV scheme, the votes for the primary election will be counted based only on the UOCAVA voters' top choices. The fact that these voters might rank other candidates below their first choice in the primary election will be inconsequential for the runoff as long as new second ballots are sent to the voters for the runoff, thereby allowing the voters to cast new votes in the runoff only for the candidates in the runoff.

general rule is that states must request hardship waivers 90 days before an election,[2] Congress created an exception to this rule where the reason for a hardship waiver is the result of a legal contest. *See* 52 U.S.C. § 20302(g)(3)(B), (2)(B)(ii) (providing that, if a state's undue hardship in complying with UOCAVA is the result of a legal contest, then the state shall submit a waiver request to the federal government "as soon as practicable"). Accordingly, if this Court grants relief on March 10, 2020, and opts not to reschedule the runoff election, the UOCAVA statute still vests states with the ability to seek a hardship waiver.

### III.   An expedited briefing schedule is necessary to allow the Court to rule by March 10, 2020.

In order to enable the Court to rule on Plaintiffs' Motion for Preliminary Injunction by March 10, 2020, an expedited briefing schedule is needed such that briefing will be closed within a reasonable time before March 10. If the Court sets the briefing schedule requested herein (see pages 2-3, *supra*), briefing will be closed on February 28, 2020. Courts have routinely granted motions to expedite briefing in cases involving challenges to election law statutes. *See United State v. Alabama*, 998 F. Supp. 2d 1283, 1294 (M.D. Ala. 2014) (The State of Alabama joined the United States in asking the Middle District to expedite and resolve the UOCAVA issues which gave rise to the RCV scheme in the present case), *aff'd on other grounds,* 778 F.3d 926 (11th Cir. 2015); *Brown v. Sec'y of Fla.*, 668 F.3d 1271, 1274 (11th Cir. 2012) (in case challenging standards for congressional redistricting, Eleventh Circuit expedited oral argument and their review in light of impending election); *Public Citizen, Inc. v. Miller*, 1993 U.S. App. LEXIS 13641 at *6-7

---

[2] The State cites this general rule in support of its position. (Doc. 13 at p. 4) (citing 52 U.S.C. § 20302(g)(3)(A)).

(11th Cir. 1993) (expedited briefing ordered in case challenging constitutionality of run-off election scheme); *see also League of Women Voters of Mich. v. Johnson*, No. 18-1437 (6th Cir. April 26, 2018) (Dkt. No. 8-1) (granting intervenors' consented motion to expedite); *Martins v. Pidot*, 663 Fed. Appx. 14 (2d Cir. 2016) (expediting appeal in an election law case where the notice of appeal was filed on August 30, 2016, briefs were filed on September 1, September 8, and September 12, 2016, the Second Circuit heard oral argument on September 14, 2016, and issued its written opinion on September 16, 2016); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 235 (4th Cir. 2014) (expediting appeal of election law case where district court issued its opinion on August 8, 2014, the appellate court heard oral argument on September 25, 2014, and issued its opinion on October 1, 2014); *see also, e.g., Obama for Am. v. Husted*, No. 12-4055, 12-4076 (6th Cir. Sept. 10, 2012) (appeal docketed), 697 F.3d 423 (6th Cir. Oct. 5, 2012) (issuing opinion and order) (injunction in the district court granted on August 31, 2012, and decided by this Court on October 5, 2012); *Feldman v. Ariz. Sec'y of State*, 840 F.3d 1057, 1065-66 (9th Cir. 2016) (granting motion to expedite where the appeal was docketed on September 23, 2016, parties were ordered to file simultaneous briefs on October 17, oral argument was heard on October 19, and the court issued its opinion on October 28, 2016).

## <u>CONCLUSION</u>

Plaintiffs and the State agree that this Court should decide Plaintiffs' Motion for Preliminary Injunction expeditiously. The briefing schedule outlined above permits sufficient time for the Parties to brief the relevant issue for this Court and answer any of the Court's questions, should it have any.

For the reasons demonstrated herein, Plaintiffs respectfully request that this Court set the expedited briefing schedule outlined herein and enter a ruling on Plaintiffs' Motion for Preliminary Injunction by March 10, 2020.

Respectfully submitted February 13, 2020,

/s/ Matthew R. Jackson
Matthew R. Jackson (JACKM7882)
C. Britton Bonner (BONNC0122)
ADAMS AND REESE LLP
11 N. Water Street, Suite 23200
Mobile, Alabama 36602
(251) 433-3234 (Phone)
(251) 438-7733 (Fax)
britton.bonner@arlaw.com
matt.jackson@arlaw.com
*Counsel for Plaintiffs*

Jason B. Torchinsky*
Jonathan P. Lienhard*
Shawn Sheehy*
Dennis W. Polio*
HOLTZMAN VOGEL JOSEFIAK
TORCHINSKY, PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20186
(540) 341-8808 (Phone)
(540) 341-8809 (Fax)
Jtorchinsky@hvjt.law
Jlienhard@hvjt.law
Ssheehy@hvjt.law
Dwpolio@hvjt.law
*pro hac vice* applications pending
*Counsel for Plaintiffs*

Erik S. Jaffe*
SCHAERR-JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
 (202) 787-1060 (Phone)
ejaffe@schaerr-jaffe.com
*pro hac vice* application to be filed
*Counsel for Plaintiffs*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been filed this 13th day of February 2020 using the CM/ECF system which instantaneously sent a Notice of Electronic Filing (NEF) to all counsel required to be served.

<u>/s/ Matthew R. Jackson</u>
Matthew R. Jackson
