UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MIRNA MICHEL JABBOUR and ) <br> NATIONAL DEFENSE COMMITTEE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JOHN H. MERRILL, in his official ) <br> capacity as Alabama Secretary of State, ) <br> MOBILE COUNTY BOARD OF ) <br> REGISTRARS, KYLE CALLAGHAN, ) <br> in his official capacity as a member of ) <br> the Mobile County Board of Registrars, ) <br> JUDY MOTLOW, in her official ) <br> capacity as a member of the Mobile ) <br> County Board of Registrars, and RON ) <br> REAMS, in his official capacity as a ) <br> member of the Mobile County Board ) <br> of Registrars, ) <br> ) <br> Defendants. ) | Case No. 1:20-cv-00034-JB-N |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## SUPPLEMENTAL COMPLAINT

Plaintiffs respectfully move this Court, pursuant to Fed. R. Civ. P. 15(d), for leave to file a supplemental complaint, a copy of which is attached hereto. Plaintiffs have conferred with counsel for Defendants and Defendants oppose this Motion.

On or about January 7, 2020, Plaintiff Mirna Michel Jabbour submitted a UOCAVA Application for Absentee Ballot, Form AV-U1, to the Mobile County Absentee Election Manager. (Doc. 28-1, PageID#509). At the time she completed

and submitted her Application for Absentee Ballot, and at all times since, Ms. Jabbour intended and desired to vote in the Republican Primary Election and Republican Primary Runoff Election, if one is conducted. *Id*. Due to confusion regarding the application and Alabama's Ranked Choice Voting system itself, Ms. Jabbour inadvertently omitted an indication that she wished to vote in the Republican Primary Election. (Doc. 28-1, PageID#509-10). As soon as she was made aware that the State did not consider her Application to qualify her to vote in the Republican Primary Election and Republican Primary Runoff Election she began the process of completing and submitting a new Application which clearly indicates that she wishes to vote in those elections. *Id*. On Friday, February 21, 2020, Ms. Jabbour's completed Application was sent to the Mobile Absentee Election Manager.

Now that Ms. Jabbour has submitted a UOCAVA Absentee Application to the State's liking, qualifying her to receive an absentee ballot for the Republican Primary Election and any subsequent runoff election, it is thus appropriate to supplement Plaintiffs' Complaint with information indicating as such, pursuant to Fed. R. Civ. P. 15(d).

## ARGUMENT

### PLAINTIFFS HAVE MET THE STANDARD FOR OBTAINING LEAVE TO FILE A SUPPLEMENTAL COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15

Plaintiffs seek leave to supplement their complaint pursuant to Fed. R. Civ. P. 15(d), which provides that "the [C]ourt may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The decision whether to grant a request for leave to amend or supplement is committed to the sound discretion of the court, and such requests are not granted automatically. *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982). The Eleventh Circuit has "accepted a policy of liberal amendments and supplements to the pleadings under Rule 15." United States v. 5800 SW 74th Ave., 182 Fed. Appx. 921, 924-25 (11th Cir. 2006) (citing *Harris v. Garner*, 216 F.3d 970, 984 (11th Cir. 2000)). Because a liberal policy of allowing amendments and supplements is envisioned by Rule 15, there must be some substantial justifying reason for denying such motions. *Nolin v. Douglas Cty*, 903 F.2d 1546, 1550 (11th Cir. 1990).[1]

Consistent with this lenient standard, the Court should grant the Plaintiffs leave to file a supplemental complaint under Fed. R. Civ. P. Rule 15(d) because it

---

[1] A court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments [or supplements] previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or supplement, and] futility of the amendment [or supplement*]." Nolin v. Douglas County*, 903 F.2d 1546, 1550 (11th Cir. 1990) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)).

would avoid piecemeal litigation and allow a prompt and efficient resolution of the entire controversy between the parties without prejudice to the State.

In light of the factual developments since Plaintiffs filed suit, namely Ms. Jabbour's new UOCAVA Application, good cause for supplementing the complaint is immediately apparent. The State will in no way be prejudiced if the supplementation is allowed at this point in the proceedings. Furthermore, there is no apparent reason for denying the motion to supplement, as none of the factors that may militate against it is present in this case. Ms. Jabbour moved swiftly to correct the purported error on her UOCAVA application. Thus, there is no undue delay in Plaintiffs' request to supplement. The newly-alleged facts were entirely unknown at the time Plaintiffs filed their original complaint. Plaintiff is not seeking to supplement the complaint in bad faith or with a dilatory motive.

The interests of justice and judicial economy will undoubtedly be served by having all factual allegations properly before the Court as set forth in Plaintiffs' proposed supplemental complaint. The supplemental complaint is narrowly tailored to reflect the present circumstances and Plaintiffs' present understanding of the case. In so doing, the action can more effectively proceed.

The State will not suffer any undue prejudice by virtue of the Court's allowance of the proposed supplemental complaint. The determination of whether prejudice would occur often includes assessing whether allowing an amendment

would result in additional discovery, cost, and preparation to defend against new facts or new theories. The State cannot be prejudiced, or caught off guard, by the new facts alleged by Plaintiffs in the proposed supplemental complaint, since the State has first-hand knowledge of Ms. Jabbour's UOCAVA Application. The proposed supplemental complaint does not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories. No prejudice would result to the State in allowing the supplemented complaint under these circumstances.

Finally, Plaintiffs' request to file a supplemental complaint is not futile as Plaintiffs have alleged sufficient facts to state a claim for relief that is facially plausible.

Accordingly, in the interest of justice, and consistent with the liberal standard that applies to Rule 15 motions, this Court should grant Plaintiffs' motion for leave to file the proposed supplemental complaint. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

## CONCLUSION

For the reasons identified above, Plaintiffs respectfully request that this Court grant their motion for leave to file the supplemental complaint.

Respectfully submitted February 26, 2020,

/s/ Matthew R. Jackson
Matthew R. Jackson (JACKM7882)
C. Britton Bonner (BONNC0122)
ADAMS AND REESE LLP
11 N. Water Street, Suite 23200
Mobile, Alabama 36602
(251) 433-3234 (Phone)
(251) 438-7733 (Fax)
britton.bonner@arlaw.com
matt.jackson@arlaw.com
*Counsel for Plaintiffs*

Jason B. Torchinsky*
Jonathan P. Lienhard*
Shawn Sheehy*
Dennis W. Polio*
HOLTZMAN VOGEL JOSEFIAK
TORCHINSKY, PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20186
(540) 341-8808 (Phone)
(540) 341-8809 (Fax)
Jtorchinsky@hvjt.law
Jlienhard@hvjt.law
Ssheehy@hvjt.law
Dwpolio@hvjt.law
**pro hac vice* applications pending*
*Counsel for Plaintiffs*

Erik S. Jaffe*
SCHAERR-JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
 (202) 787-1060 (Phone)
ejaffe@schaerr-jaffe.com
**pro hac vice* application to be filed*
*Counsel for Plaintiffs*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed this 26th day of February 2020 using the CM/ECF system which instantaneously sent a Notice of Electronic Filing (NEF) to all counsel required to be served.

*/s/* Matthew R. Jackson
Matthew R. Jackson
