IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MIRNA MICHEL JABBOUR, and<br>NATIONAL DEFENSE COMMITTEE,<br><br>    Plaintiffs,<br><br>v.<br><br>JOHN H. MERRILL, in his official capacity<br>as Secretary of State, *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-00034-JB-N |

### STATE DEFENDANTS' OPPOSITION TO MOTION
### FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

The State Defendants—Secretary of State John H. Merrill, the Board of Registrars for Mobile County, Board Chair Motlow, and Board Members Callaghan and Reams—oppose Plaintiffs' Motion for Leave to File Supplemental Complaint, **Doc. 32**, as follows.

Plaintiffs moved for leave to file a supplemental complaint in order to address issues related to Plaintiff Jabbour which have arisen since the original filing of the complaint. **Doc. 32, PageID.557-561**; Fed. R. Civ. P. 15(d).[1] In fact, Plaintiffs' proposed supplemental complaint also adds allegations concerning Plaintiff National Defense Committee that do not post-date the complaint, **Doc. 32-1, PageID.564, 572-573,** but this does not appear to be reason to deny the supplement, *cf. Dunn v. Dunn*, 148 F. Supp. 3d 1329, 1334 n. 3 (M.D. Ala. 2015), and, in any event, Plaintiffs are currently entitled to amend their pleadings in this way as of right in response

---

[1] In pertinent part, Fed. R. Civ. P. 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

1

to the State Defendants' motion to dismiss, Fed. R. Civ. P. 15(a)(1)(B).  Accordingly, the State Defendants focus on the issues concerning Plaintiff Jabbour.[2]

Motions to supplement are generally treated "liberally," as are motions to amend.  *West Ala. Women's Center v. Miller*, 318 F.R.D. 143, 147 (M.D. Ala. 2016).  Nonetheless, as Plaintiffs acknowledge, such motions may be denied for various reasons, including futility.  *Id.* at 148; **Doc. 32, PageID.559.**  Supplementation concerning facts surrounding Plaintiff Jabbour would be futile, as would reassertion of the original claims in the complaint.

Plaintiff Jabbour lacked standing at the time that the complaint in this action was filed, as set out in the motion to dismiss.  **Doc. 27, PageID.485-486.**  Since then, Plaintiff Jabbour has filed a declaration indicating that she would "complet[e] and submit[] a new UOCAVA Application for Absentee Ballot," **Doc. 28-1, PageID.510**, and a subsequent declaration that she had done so, **Doc. 33-1, PageID.623.**  Plaintiffs seek leave to file a supplemental complaint that will explain Plaintiff Jabbour's alleged confusion in completing her original application for an absentee ballot and set out the fact that she has submitted a correct application.  **Doc. 32-1, PageID.570-71.**  They assume as a factual matter that Plaintiff Jabbour would receive a ranked Republican ballot for her use in yesterday's primary election and any primary runoff election, **Doc. 32, PageId.558,** and they argue as a legal matter that a supplemental complaint is sufficient to cure the standing problems that existed at the time the complaint was filed, **Doc. 33, PageID.605.**  They are wrong on both counts.

---

[2]   Similarly, Plaintiffs' recognition that this Court does not have jurisdiction over the Mobile County Board of Registrars and its Board Members, **Doc. 33, PageID.601,** and attempt to drop these State Defendants from the proposed supplemental complaint, **Doc. 32-1, Page ID.565** *but see* **Doc. 32-1, PageID.564**-**565**, does not concern "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented," Fed. R. Civ. P. 15(d).  The same rationale that applies to the amendment concerning NDC applies here, and, of course, these State Defendants are entitled to dismissal based on their pending motion to dismiss, **Doc. 27, PageID.487-493.**

As a factual matter, there is no reason to believe that Plaintiff Jabbour actually received a Republican ballot to cast in yesterday's primary election.  PowerProfile "continues to reflect that she was to receive *via* electronic transmission a non-partisan ballot," **Doc. 36-1, PageID.669**, as it previously did, **Doc. 24-2, PageID.177-178.**  Plaintiffs' proposed supplemental complaint does not actually allege that she had received such a ballot.  **Doc. 32-1, PageID.570.**  Instead, Plaintiffs *assumed* that her follow up actions would be sufficient and *speculated* that a Republican ballot would be transmitted to her in time for the primary election.  **Doc. 32, PageID.558; Doc. 33, PageID.605-606.**  There is no reason to believe that happened.  Thus, factually, Plaintiff Jabbour has never had standing to assert her claims.

As a legal matter, Plaintiffs rely on *Mathews v. Diaz*, 426 U.S. 67 (1976), **Doc. 33, PageID.605,** where the pertinent issue concerned failure to comply with a statutory precondition to filing suit, *Mathews*, 426 U.S. at 74-75.  The Court relied on 28 U.S.C. § 1653 for the premise that "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," *Mathews*, 426 U.S. at 75 n. 9 (quoting 28 U.S.C. § 1653), and concluded a supplemental complaint—even at that late stage—could cure the defect, *id.* at 74-75.  Plaintiffs also rely on *Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000) (*en banc*), as they cite the dissenting opinion's discussion of *Mathews* in a discussion of the PRLA.  **Doc. 33, PageID.605.**

After *Mathews,* the Supreme Court explained that 28 U.S.C. § 1653 is about correcting defective allegations about jurisdiction, not creating jurisdiction where it did not exist at the time when the complaint was filed.  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830-32 (1989).  And the Court explained that it would be remarkable—and worth explicitly making clear—if the statute had been intended to "empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before."  *Id.* at 831.

*Mathews* did not concern Article III standing, which is at issue here.  Plaintiffs have not cited any case that holds Article III standing can be acquired after a lawsuit has been filed and a supplemental complaint used to paper-over the original Article III defect.  Instead, they acknowledged that "jurisdiction is based upon . . . 'the state of things at the time of the action brought.'" **Doc. 33, PageID.604** (*quoting Rockwell Intern. Corp. v. U.S.*, 549 U.S. 457 (2007)).  This is consistent with the Supreme Court's direction that "the standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (*citing Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180 (2000), and *Arizonians for Official English v. Arizona*, 520 U.S. 43, 68 n. 22 (1997)).

In *Alabama v. U.S. Army Corps of Engineers*, 382 F. Supp. 2d 1301 (N.D. Ala. 2005), Judge Bowdre considered the intersection of these various principles, and concluded that ". . . Rule 15(d) does not allow [the court] to permit supplements when it has no jurisdiction over the original claims." *U.S. Army Corps of Engineers*, 382 F. Supp. 2d at 1317.  She recognized 28 U.S.C. § 1653, but also that "when the court has no jurisdiction over the *claims* in the original complaint, it must dismiss the case, and it has no jurisdiction to permit an amendment."  *U.S. Army Corps of Engineers*, 382 F. Supp. 2d at 1316 (*citing, inter alia, Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).  Fed. R. Civ. P. 15(d) did not change this reality:

> As Alabama and Florida point out, Rule 15(d) permits courts to grant motions to supplement pleadings even if the original pleading is defective in stating a claim or defense. Furthermore, to eliminate the rigidity and formalism of needlessly subjecting a plaintiff to the difficulties of commencing a new action even if events occurring after the filing of the original complaint establish a right to relief, the advisory committee notes to Rule 15(d) specifically direct courts to freely allow supplemental pleadings in the interest of justice when the original complaint states no claim for which relief can be granted. *See* Fed.R.Civ.P. 15 advisory committee's note.  However, the court is not convinced by the Plaintiffs' arguments that the

Advisory Committee and the drafters of the Rule intended to instruct courts to allow supplements when no jurisdiction exists over the claims in the original complaint.

In practice, failure to state a claim and lack of jurisdiction often appear related. Thus, for example, defendants sometimes move for dismissal for failure to state a claim on which relief can be granted because the court lacks subject matter jurisdiction.  In actuality, however, the defense of lack of subject matter jurisdiction, which requires a court to look beyond the pleadings to the substantive question whether jurisdiction actually exists and to resolve doubts in favor of dismissal, is distinct from the defense of failure to state a claim upon which relief can be granted, which requires only a review of the allegations in the complaint as construed in the light most favorable to the plaintiff.  *See also In re Bicoastal Corp.,* 130 B.R. 597 (Bankr.M.D.Fla.1991) (discussing the relationship between the defenses of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted). *Compare* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1355–56 (2d ed.1990) (describing the historical derivation of a motion to dismiss for failure to state a claim upon which relief can be granted, pointing out that such a motion is distinct from other Rule 12 motions, and noting that such a motion is leveled only at the *formal* sufficiency of the *allegations* in the complaint), *with* Wright & Miller, *supra*, at § 1350 (noting that a motion to dismiss for lack of subject matter jurisdiction presents the fundamental, *substantive* question of whether subject matter jurisdiction *actually exists*).

The two defenses are not merely distinct in theory, however.  The Federal Rules clearly distinguish them from one another.  *See* Fed.R.Civ.P. 12 (setting out failure to state a claim for which relief can be granted as a separate defense from lack of subject matter jurisdiction).  Because the Rules themselves do not conflate failure to state a claim and lack of subject matter jurisdiction, but instead unambiguously recognize them as distinct defenses, the Rule and the advisory committee notes would have referred to both defenses explicitly if they were meant to instruct courts to allow supplementation when a complaint fails to effectively state a claim *and* when no jurisdiction exists over the claims in the original complaint. Rather than containing such a reference, however, the advisory committee notes unequivocally state that the amendment to Rule 15(d) expressly permitting a supplemental pleading where an original pleading fails to state a viable claim for relief "does *not* attempt to deal with such questions as the relation of the statute of limitations to supplemental pleadings, the operation of the doctrine of laches, *or the availability of other defenses*." See Fed.R.Civ.P. 15 advisory committee's note (emphasis added).  Therefore, and in light of the authority set out *supra* regarding the court's inability to allow a party to create jurisdiction by amendment or supplement, the court finds that Rule 15(d) does not allow it to permit supplements when it has no jurisdiction over the original claims.

*U.S. Army Corps of Engineers*, 382 F. Supp. 2d at 1316-17.

Applied here, the State Defendants leveled a factual attack on this court's subject matter jurisdiction as to Plaintiff Jabbour, arguing that—despite her allegations—she lacked standing at the time the complaint was filed.  **Doc. 27, PageID.485-486; Doc. 30, PageID.541.**  Fed. R. Civ. P. 15(d) does not authorize the Plaintiffs to file a supplemental complaint alleging that standing was acquired *after* the complaint was filed.

\* \* \*

For the foregoing reasons, Plaintiffs' motion for leave to file a supplemental complaint should be denied because the proposed supplement as to Plaintiff Jabbour is futile.  Additionally, supplementing the complaint would be futile because the claims are meritless, and some are jurisdictionally barred, as argued in the State Defendants' Motion to Dismiss, **Doc. 27,** and the forthcoming reply in support of that motion.

If this court allows the Plaintiffs to file a supplemental complaint, any Defendants named therein should be authorized to "plead to the supplemental pleading within a specified time," Fed. R. Civ. P. 15(d).  Plaintiffs should also be cautioned not to file another shotgun complaint.  *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.").

Respectfully Submitted,

Steve Marshall
  *Attorney General*

s/Misty S. Fairbanks Messick
Winfield J. Sinclair (ASB-1750-S81W)
Misty S. Fairbanks Messick (ASB-1813-T71F)
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130-0152
telephone:    334.353.8674
facsimile:    334.353.8400
Winfield.Sinclair@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov

***Counsel for the State Defendants***